Robert J. Berens (No. 012056)
Adam D. Melton (No. 021227)
**MANN, BERENS & WISNER, LLP**
3300 N. Central Avenue, Suite 2400
Phoenix, Arizona 85012
Telephone: (602) 258-6200
Facsimile: (602) 258-6212
E-mail:   rberens@mbwlaw.com
          amelton@mbwlaw.com

Attorneys for Portella Manufacturing., L.L.C.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:07-bk-05055-PHX-CGC |
| PORTELLA MANUFACTURING, L.L.C., | Chapter 11 |
| Debtor-in-Possession. | **DEBTOR'S REPLY IN SUPPORT IF ITS MOTION TO DISMISS CHAPTER 11 PROCEEDING** |

Debtor Portella Manufacturing, LLC (the "Debtor") filed its Motion to Dismiss (the "Motion") pursuant to 11 U.S.C. §1112(b) (the "Bankruptcy Code") and Rule 9013, Federal Rules of Bankruptcy Procedure, on March 17, 2009 to which two conditional objections (the "Objections") were filed. The first objection was filed by the United States Trustee for the District of Arizona (the "Trustee"). The second objection was filed by COP-Deer Valley, LLC (the "Landlord"). In both Objections, the objecting party did not oppose a dismissal, provided that certain conditions were satisfied. As is shown below, all such conditions have been satisfied, and dismissal of this matter is in the best interest of the creditors.

**I.    Debtor is Current on its Monthly Operating Reports and Quarterly Fees**

The Trustee objected to dismissal because, at the time the Motion was filed, Debtor was delinquent in filing its monthly operating reports and owed quarterly fees. Subsequent to the Trustee's objection, the Debtor has filed all monthly operating reports, and has paid its

quarterly fees through the second quarter of 2009. Accordingly, the Debtor believes that the Trustee no longer opposes dismissal.

**II. The Landlord's Objection is Without Merit Because the Premises was left in a Broom Clean Condition and No Damage Was Caused to the Premises Due to the Removal of Equipment and Personal Property**

The Landlord, like the Trustee, does not oppose dismissal of this bankruptcy case. However, the Landlord alleges that it is entitled to receive the $10,000 Cash Deposit described in Paragraph 13 of the *Order Approving Sale of Personal Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363 and Granting Related Relief* (the "Sale Order").[1] The Landlord is mistaken.

The Cash Deposit described in Paragraph 13 of the Sale Order was to secure three things related to the Debtor vacating the Landlord's premises. First, the Debtor was to vacate the premises no later than February 29, 2008. Second, the Debtor was to leave the premises in a broom clean condition. And third, the Debtor was "to cause no damage to the Facility as a result of the removal of equipment and personal property at or from the Facility." There is not now, nor has there ever been, any allegation by the Landlord that the Debtor failed to vacate the premises by February 29, 2008. Instead, the focus of the Landlord's objection is on the latter two items.

The Landlord describes six general categories of repair work it allegedly had to perform as a result of "the Debtor fail[ing] to comply with the Sale Order" amounting to $23,078.24. See Landlord Objection, p. 3, lns. 5-24. Each and everyone of the six categories of items alleges that the Landlord had to perform some cleaning or repair work of the facility. Conspicuously absent from the Landlord's Objection are two key pieces of information. First, the invoices related to the Landlord's repair and cleaning work plainly indicate that the work was performed *after* February 29, 2008.[2]

---

[1] A copy of the Sale Order is attached hereto as Exhibit "A."
[2] Copies of the invoices are collectively attached hereto as Exhibit "B."

Second, and most importantly, on February 29, 2008, the Landlord's property manager executed a "Release Agreement" with Great American Group – the entity who purchased the Debtor's assets pursuant to the Sale Order and who caused the equipment and materials to be removed from the facility, and caused the facility to be cleaned.[3] The Release Agreement was executed on February 29, 2008 and states:

> Great American Group agreed to vacate premises located at 21430 N. 15th Lane, #116, Phoenix, AZ on 2-29-2008. **Great American has left the premises in a broom-clean condition, with no damage to the facility resulting from removal of the machinery and personal property** – except rear external light.
>
> Representatives from Commercial Properties, Inc. has inspected the premises and releases Great American from any further responsibility of the premises.

(emphasis added)

In other words, on February 29, 2008, the date that Debtor vacated the premises, the Landlord's representative agreed that the premises was in a broom clean condition and there was no damage caused to the facility due to the removal of equipment and personal property. The Landlord's allegations that it had to "repair dry wall holes", "[fill] in a concrete hole approximately 4' x 4'", "[grind] off bolts for safety" *after* February 29, 2008 simply does not make any sense when it agreed *on* February 29, 2008 that the facility was clean and undamaged.

Indeed, the Release Agreement makes clear that on February 29, 2008, the only item of concern for the Landlord was a "rear external light." That "rear external light" is not one of the items repaired by the Landlord. The reason it is not one of the listed items is because the light had simply come loose and had to be hand screwed back in. Thus, after an extensive walk through, the only problem uncovered was a loose light bulb. It is not reasonable to believe under the circumstances that the extensive repairs claimed to be performed by the Landlord relate to items existing on or before February 29, 2008.

---

[3] A true and correct copy of the Release Agreement is attached hereto as Exhibit "C."

In summary, the Sale Order required (i) the Debtor to vacate the facility on February 29, 2008, (ii) leave the facility in a broom clean condition, and (iii) not cause damage to the facility as a result of the removal of the equipment and personal property from the facility. The Sale Order did not require the Debtor to re-paint the premises, remove electrical conduit, perform routine maintenance on wear and tear items, or the like. The Release Agreement conclusively establishes that the facility was left in a broom clean condition and was undamaged by the removal of the equipment and personal property. Accordingly, because it is undisputed that the Debtor vacated the facility on February 29, 2008, the three conditions of Paragraph 13 of the Sale Order have been satisfied. The Landlord has no right to the Cash Deposit.

**III. Conclusion**

The Debtor established in its Motion to Dismiss that cause exists to dismiss this bankruptcy case because there is no possibility of reorganization, and dismissal, rather than a conversion to Chapter 7, is in the best interests of the creditors. No creditor disagreed with this. Rather, the Landlord and the Trustee each conditionally objected to dismissal as premature, believing the Debtor was obligated to perform certain tasks before dismissal. As concerns the Trustee's objection, the Debtor believes the Trustee no longer opposes dismissal because the Debtor is current with its monthly operating reports and its quarterly fees. As concerns the Landlord, the above makes clear that the Landlord is not entitled to the $10,000 Cash Deposit because the Debtor (i) did vacate the premises as of February 29, 2008, (ii) the premises was left in a broom clean condition, and (iii) no damage was caused to the premises as a result of removing the equipment and personal property. Accordingly, the Debtor urges the Court to dismiss this Chapter 11 case.

RESPECTFULLY SUBMITTED this 18th day of June, 2009.

**MANN, BERENS & WISNER, L.L.P.**

By: /s/ Adam D. Melton
Robert J. Berens
Adam D. Melton
*Attorneys for Portella Manufacturing, LLC*

Case 2:07-bk-05055-CGC    Doc 130    Filed 06/18/09    Entered 06/18/09 17:27:32    Desc
Main Document    Page 4 of 5

ORIGINAL of the foregoing filed
via ECF and COPIES mailed
this 18th day of June, 2009, to:

Larry L. Watson, Esq.
US Trustee's Office
230 North First Avenue, Suite 204
Phoenix, AZ 85003

James B. Ball, Esq.
Poli & Ball, P.L.C.
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
Attorneys for Stearns Bank Arizona, N.A.

William Novotny, Esq.
Mariscal, Weeks, McIntyre & Friedlander, P.A.
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012
Attorneys for COP-Deer Valley, LLC

/s/Gabrielle M. Dorsey