SO ORDERED.

Dated: June 30, 2009



_____
CHARLES G. CASE, II
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:07-bk-05055-PHX-CGC |
| PORTELLA MANUFACTURING, L.L.C., | Chapter 11 |
| Debtor-in-Possession. | **ORDER OF DISMISSAL** |

THIS MATTER COMES BEFORE THE COURT pursuant to the *Motion to Dismiss Chapter 11 Proceeding* (the "Motion") filed on March 17, 2009 [Docket No. 120] by Portella Manufacturing, L.L.C ("Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 case (the "Bankruptcy Case"). On March 17, 2009 [Docket No. 121], the Debtor filed the *Notice of Bar Date to File Objection to Debtor's Motion to Dismiss Chapter 11 Proceeding* (Docket No. 68).

On April 1, 2009, COP-Deer Valley, LLC (the "Landlord") filed an Objection to the Motion ("Landlord Objection") [Docket No. 122]. On April 3, 2009, the United States Trustee ("Trustee") filed an Objection to the Motion and requested the Court to set a hearing on the Motion ("Trustee Objection") [Docket No. 123]. After this Court scheduled a hearing

for June 10, 2009, the Trustee filed a *Notice of Hearing on United States Trustee's Objection to Debtor's Motion to Dismiss Chapter 11 Proceeding* on April 15, 2009 [Docket No. 126]. No other creditor or party in interest filed an objection to the Motion.

The Court held a duly noticed hearing on the Motion on June 10, 2009 and June 25, 2009. At these two hearings, the Court was informed that the Trustee has withdrawn the Trustee Objection and that the Landlord has withdrawn the Landlord Objection subject to the terms of this Order. After due consideration of the Motion, the Trustee Objection, and the Landlord Objection, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-captioned bankruptcy case be, and hereby is, dismissed.

IT IS FURTHER ORDERED that the Debtor shall cause to be paid to the Landlord the sum of $1,000.00 from the Cash Deposit held in trust by Debtor's counsel pursuant to Paragraph 13 of the *Order Approving Sale of Personal Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363 and Granting Related Relief* ("Sale Order" [Docket No. 89]. The foregoing payment to the Landlord shall be made directly to the Landlord by Debtor's counsel within 10 days following the entry of this Order. After the foregoing payment to the Landlord, the balance of the Cash Deposit, and all other amounts held in trust by Debtor's counsel, may be disbursed as authorized or directed by the Debtor following the dismissal of the Bankruptcy Case, and the Landlord shall have no right or interest in that balance of the Cash Deposit.

IT IS FURTHER ORDERED that the Debtor shall cause to be paid to Stearns Bank, N.A. ("Stearns") the sum of $1,514.91 held in trust by Debtor's counsel within 10 days following the entry of this Order. The forgoing payment shall constitute full and final satisfaction of all payment obligations owed by the Debtor to Stearns under the Sale Order. The balance of amounts held in trust by Debtor's counsel, may be disbursed as authorized or directed by the Debtor following the dismissal of the Bankruptcy Case and Stearns shall have

no right or interest in that balance. Nothing in this Order shall be construed as a waiver of any remaining claim Stearns may have against the Debtor.

IT IS FURTHER ORDERED that the Debtor shall cause to be paid to Premiere Hardwoods, LLC, Wallace, Plese & Dreher, LLP, and Mann, Berens & Wisner, LLP (collectively "<u>Administrative Claim Holders</u>") the balance of the amounts held in trust by Debtors counsel on a pro rata basis. The foregoing payment to the Administrative Claim Holders shall be made within 10 days of the entry of the Order of Dismissal.

**SIGNED AND DATED ABOVE**
**HON. CHARLES G. CASE II**
**U.S. BANKRUPTCY JUDGE**

**APPROVED BY:**

Mann, Berens & Wisner, LLP

By_____
    Robert Berens
    Adam D. Melton

Attorneys for Portella Manufacturing, LLC

Ilene J. Lashinsky, United States Trustee
District of Arizona

By_____
    Larry L. Watson

Attorneys for Trustee

MARISCAL, WEEKS, McINTYRE
    & FRIEDLANDER, P.A.

By_____
    William Novotny

Attorneys for COP-Deer Valley, LLC

Poli & Ball, P.L.C.

By_____
    James B. Ball

Attorneys for Stearns Bank Arizona, NA

no right or interest in that balance. Nothing in this Order shall be construed as a waiver of any remaining claim Stearns may have against the Debtor.

IT IS FURTHER ORDERED that the Debtor shall cause to be paid to Premiere Hardwoods, LLC, Wallace, Plese & Dreher, LLP, and Mann, Berens & Wisner, LLP (collectively "Administrative Claim Holders") the balance of the amounts held in trust by Debtors counsel on a pro rata basis. The foregoing payment to the Administrative Claim Holders shall be made within 10 days of the entry of the Order of Dismissal.

**SIGNED AND DATED ABOVE**
**HON. CHARLES G. CASE II**
**U.S. BANKRUPTCY JUDGE**

APPROVED BY:

Mann, Berens & Wisner, LLP

By _____
Robert Berens
Adam D. Melton

Attorneys for Portella Manufacturing, LLC

Ilene J. Lashinsky, United States Trustee
District of Arizona

By _____
Larry L. Watson

Attorneys for Trustee

MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.

By _____ FOR: approved by 6/24/09 email
William Novotny

Attorneys for COP-Deer Valley, LLC

Poli & Ball, P.L.C.

By _____
James B. Ball

Attorneys for Stearns Bank Arizona, NA

-3-